PHYLLIS DAVIS,

         Plaintiff,               Case No. 2:17-cv-12475
                                        District Judge David M. Lawson
v.                                   Magistrate Judge Anthony P. Patti

ECHO VALLEY
CONDOMINIUM
ASSOCIATION, *et al.*,

         Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (DE 51)

This matter is before the Court for consideration of the above-described motion (DE 51), a related exhibit (DE 53), Defendants Echo Valley Condominium Association and Casa Bella Property Management, Inc.'s response (DE 56), Plaintiff's reply (DE 61), and the parties' statement of resolved/unresolved issues (DE 62). Judge Lawson referred this motion to me for hearing and determination. (DE 52.)

Plaintiff's motion came before the Court for a hearing on May 22, 2018. On the date set for hearing, attorneys Justin A. Barry, Alan J. Gocha, and Kay R. Butler appeared. Consistent with my findings and reasoning stated on the record, which are hereby incorporated by reference, Plaintiff's motion to compel

production of documents (DE 51), is **GRANTED IN PART** and **DENIED IN**

**PART** as follows:

1. While the Court agrees that Defendants have waived their objections (*see* DE 51 at 14-15), in light of the scope of the pleadings and the scope of discovery and proportionality factors set forth in Fed. R. Civ. P. 26(b)(1), it nonetheless concludes that Document Request Nos. 1 and 4-9 are temporally overbroad and shall be limited to seven (7) years.. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). *See also*, *Raub v. Moon Lake Prop. Owners Ass'n*, No. 15-13480, 2016 WL 6275392, at *3 (E.D. Mich. Oct. 27, 2016) (Ludington, J.).

2. The Court finds that the written responses given by Defendant are adequate. Plaintiff's counsel shall avail themselves of the opportunity to inspect the documents, which Defendant previously offered for inspection, no later than **Thursday, May 31, 2018**. To the extent Plaintiff believes that additional documents exist within the scope of her original document requests and have not been produced (*see* DE 51 at 15-24):

   a. On or before **Tuesday, May 29, 2018**, Plaintiff may propound a maximum of ten (10) additional document requests, each of which must be *within the scope of Document Request Nos. 1-9 at issue here* and each of which must be *narrowly targeted with specific, cited record support*. Defendants shall respond to any such discovery requests no later than **Friday, June 22, 2018**.

   b. As stipulated on the record, to the extent material responsive to Document Request No. 1 yields ballots, these items may be produced subject to the parties' agreed-upon, "attorney eyes only" protective order (*see* DE 61 at 1).

Finally, the Court declines to award expenses and fees to either side. (*See*, *e.g.*, DE 51 at 3-4, 24-25.) Pursuant to Federal Rule of Civil Procedure 37, if a motion to

compel is granted in part and denied in part, the Court may apportion reasonable expenses for the motion.  Fed. R. Civ. P. 37(a)(5)(A).  Here, the issues argued required rulings from the Court.  As such, an award of costs would not be appropriate or just in this matter.

**IT IS SO ORDERED.**


Dated: October 4, 2017             s/Anthony P. Patti
                                   Anthony P. Patti
                                   UNITED STATES MAGISTRATE JUDGE


<u>**Certificate of Service**</u>

I hereby certify that a copy of the foregoing document was sent to parties of record on May 22, 2018, electronically and/or by U.S. Mail.

                                   s/Michael Williams
                                   Case Manager for the
                                   Honorable Anthony P. Patti